### GOSSELIN & AL. vs. GOSSELIN.

**APPEAL** from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court.

The petitioners, children of the defendant, aver that their deceased father left a considerable property in land, slaves and moveable property, which came to the defendant's possession. They pray for an account of the profits, and a partition of the property.

The defendant pleaded in abatement, a suit instituted by her in the district court for the partition of the estate, in which they were duly cited.

The court of probates sustained the plea and dismissed the petition. The plaintiffs appealed.

An act of the legislature, the execution of which is suspended by one of its clauses, or by a delay of its promulgation may in the meanwhile be modified or repealed by a posterior act.

Eastern Dist
*Feb'ry* 1829.

GOSSELIN
& AL.
*vs.*
GOSSELIN.

By the code of practice **924**, § **14**, the court of probates has *exclusive* jurisdiction of partitions.

This code was approved in **1824**, and after its approbation, but before its promulgation, the legislature by an act of 1825, p. **122**, § **3**, gave to the district court jurisdiction in cases of suits for partition.

By an act passed in 1828, p. **156**, § **13**, amendatory of the code of practice, it is provided that in any case where the partition of a succession has been or may be made, *&c.* all the real and personal actions and others shall be brought in the district court.

There cannot be any doubt that an act of the legislature, the execution of which is postponed, either by a limiting clause, or a delay of its promulgation may be affected by an intermediate declaration of the legislative will modifying or repealing it. Thus the jurisdiction of the court of probates, which was exclusive in cases of partition, by the code of practice, was rendered concurrent only by the act of 1825, posterior to the approbation of the code of practice, by the Governor tho' anterior to its promulgation. We do not wish to be

understood now to speak of the exclusive juris- <span style="float:right">Eastern Dist<br>*Feb'y*, 1829.</span> diction of the court of probates in special cases, viz: those of *minors*, interdicted persons, &c.

GOSSELIN
& AL.
*vs*
GOSSELIN.

It is therefore ordered and adjudged that the judgment of the court of probates be affirmed with costs.

*C. Derbigny & Denis* for plaintiffs.—*D. Seghers* for defendant.